UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **MICHAEL MILES**,<br><br>Plaintiff,<br>v.<br><br>**Triple Bar Toledo LLC**, a Delaware limited liability company,<br><br>And<br><br>**The Standard Restaurant LLC**, an Ohio limited liability company.<br><br>Defendants. | Case No. 3:26-cv-2522<br><br><br>Judge: |

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

Plaintiff, Michael Miles, individually, by and through the undersigned counsel, Owen B. Dunn, Jr., hereby files this Complaint against Defendants Triple Bar Toledo LLC**,** a Delaware limited liability company**,** and The Standard Restaurant LLC, an Ohio limited liability company, for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

**JURISDICTION AND VENUE**

1. This action is brought by the Plaintiff, Michael Miles, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendants as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendants' violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original

jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Northern District of Ohio as venue lies in the judicial district of the property *situs*. The Defendants' property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

**PARTIES**

4. Plaintiff, Michael Miles ("Plaintiff" or "Mr. Miles") is an Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Defendant Triple Bar Toledo LLC owns a shopping center commonly known as Monroe Street Market Square containing a restaurant known as "The Standard" located at 5333 Monroe St., Toledo, OH 43623 in Lucas County. As property owner, Triple Bar Toledo LLC is liable to the public for the condition of its property and compliance with federal law.

6. Defendant The Standard Restaurant LLC owns and operates a restaurant business known as "The Standard" located at 5333 Monroe St., Toledo, OH 43623 in Lucas County.

7. Plaintiff has patronized Defendants' property and business previously as a place of public accommodation, and he has experienced the barriers to access complained of herein.

8. The facility owned or operated by Defendants Triple Bar Toledo LLC and The Standard

Restaurant LLC is non-compliant with the remedial provisions of the ADA. As Defendants either own, lease, lease to, or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendants are responsible for complying with the obligations of the ADA. Defendants' shopping center and restaurant therein is a place of public accommodation. Defendants' property fails to comply with the ADA and its regulations, as also described further herein.

9. Mr. Miles is a paraplegic and permanently uses a wheelchair for mobility. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.

10. Mr. Miles is a Hancock County, Ohio resident and frequents the shops, restaurants, and recreation throughout Northwest Ohio.

11. On November 1, 2025 and April 1, 2026, Plaintiff made reservations in his name and dined at The Standard Restaurant and was a patron at Defendants' property and business, and he plans to return to the property to avail himself of the goods and services offered to the public at the property.

12. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety and protected access to Defendants' place of public accommodation.

13. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendants. Plaintiff desires to visit the Defendants' place of

business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the store and its amenities without fear of discrimination.

14. The Defendants have discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

15. The Defendants have discriminated and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

16. A preliminary inspection of the shopping center, including its facilities, has shown that many violations of the ADA exist. These violations include, but are not limited to:

<u>The Standard Restaurant Restrooms</u>

A. Signage on the restrooms lacks the international symbol of accessibility and tactile Braille and is not located on the latch side of the door, in violation of the ADA and section 216.8 of the 2010 Standards and 1991 ADAAG section 4.30, whose remedy is strictly required or, at minimum, readily achievable.

B. The men's restroom door lacks compliant maneuvering clearance at the latch side to exit, in violation of the ADA and Section 404.2.4.1 of the 2010 Standards and 1991 ADAAG section 4.13.6, whose remedy is strictly required or, at minimum, readily achievable.

C. The men's restroom toilet compartment lacks the required 60 inches of clear floor space around the water closet, additionally, the compartment door swings into the clear floor space further impairing it, in violation of the ADA and section 604.3.1 of the 2010 Standards and 1991 ADAAG section 4.16.2, whose remedy is strictly required or, at minimum, readily achievable.

D. The men's restroom cabinet lavatory lacks required knee and toe clearance for wheelchair users, in violation of the ADA and sections 306.2 and 306.3 of the 2010 Standards and

1991 ADAAG section 4.19.2, whose remedy is strictly required or, at minimum, readily achievable.

E. The men's restroom water closet flush control is not located on the open side of the unit, in violation of the ADA and section 604.9.5 of the 2010 Standards and 1991 ADAAG section 4.16.5, whose remedy is strictly required or, at minimum, readily achievable.

F. The men's restroom entirely lacks a rear grab bar around the water closet, in violation of the ADA and section 604.5.2 of the 2010 Standards and 1991 ADAAG section 4.16.3, whose remedy is strictly required or, at minimum, readily achievable.

G. The men's restroom toilet compartment door does not automatically close, in violation of the ADA and section 604.8.1.2 of the 2010 Standards and 1991 ADAAG section 4.17.5, whose remedy is strictly required or, at minimum, readily achievable.

H. Upon information and belief, the women's restroom contains equivalent barriers to accessibility, in violation of the ADA whose remedy is strictly required or, at minimum, readily achievable. A survey of the restroom is necessary.

<u>Access to Goods and Services</u>

I. In the bar area, 5% of the seating or standing dining surfaces provided are not accessible, in violation of the ADA section 226.1 of the 2010 Standards and 1991 ADAAG section 5.1 whose remedy is readily achievable.

J. The bar(s) does not have a lowered sitting or standing dining surface or service transaction counter portion for use by customers who use wheelchairs, in violation of the ADA and section 904.4 of the 2010 Standards and 1991 ADAAG section 5.2, whose remedy is strictly required or, at minimum, readily achievable.

<u>Policies and Procedures</u>

K. The Defendants lack or have inadequate defined policies and procedures for the assistance of disabled patrons, including a policy of maintenance of its accessible features, in violation of the ADA whose remedy is readily achievable.

L. The Defendants' inadequate procedures for the benefit of its patrons with disability extend to its failure to conduct a self-survey of its facilities and amenities that has resulted in discriminatory conduct toward Michael Miles.

17. The discriminatory violations described in Paragraph 16 by Defendants Triple Bar Toledo LLC and The Standard Restaurant LLC are not an exclusive list of the Defendants' ADA violations. Plaintiff requires further inspection of the Defendants' place of public

accommodation and facilities in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff has been denied access to Defendants' accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendants, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

**COUNT I**
**VIOLATION OF THE AMERICANS WITH DISABILITES ACT**

18. Plaintiff restates the allegations of ¶¶1-17 as if fully rewritten here.

19. The shopping center and restaurant contained therein, at issue, as owned and operated by Triple Bar Toledo LLC and The Standard Restaurant LLC, constitutes a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

20. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendants' failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendants will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

21. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue

to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the facility, including those set forth herein.

22. Pursuant to 42 U.S.C. §12188, Plaintiff requests that the Court issue an injunction ordering the immediate closure of the restaurant property and requiring Defendants to bring its place of public accommodation into full compliance with the implementing regulations of the ADA or at minimum make all readily achievable alterations and institute policies and procedures as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

**COUNT II**
**VIOLATION OF OHIO DISABILITY DISCRIMINATION LAW**
**O.R.C. §4112.01 *et seq*.**

23. Plaintiff restates the allegations of ¶¶1-22 as if fully rewritten here.

24. Triple Bar Toledo LLC and The Standard Restaurant LLC owns or operates a "place[s] of public accommodation" pursuant to O.R.C. § 4112.01(A)(9).

25. Defendants have committed unlawful acts pursuant to O.R.C. § 4112.02(G) by denying Plaintiff the full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges. Whereas, Defendants operate an eating and drinking establishment but have failed to provide any restroom facilities that are usable for customers who use wheelchairs for their mobility.

26. The Defendants' acts are willful, severe and ongoing.

27. Pursuant to O.R.C. §4112.99, Plaintiff is entitled to compensatory and punitive damages

as necessary to ensure justice, and attorney's fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction ordering the immediate closure of the restaurant property and requiring Defendants to bring its place of public accommodation into full compliance with the implementing regulations of the ADA or at minimum make all readily achievable alterations and institute policies and procedures as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons, and the reasonable attorney's fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and punitive damages, attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (0074743)
Law Offices of Owen Dunn, Jr.
The Offices of Unit C
6800 W. Central Ave., Suite C-1
Toledo, OH 43617
(419) 241-9661 – Phone
(419) 241-9737 – Facsimile
obdjr@owendunnlaw.com